LIMBERG, Appellant, v. LIMBERG and another, Respondents.

*March 8—April 5, 1960.*

66

For the appellant there was a brief by *Gruhle & Fessler,* joined in by *Jacob F. Federer,* guardian *ad litem,* and oral argument by *Douglas K. Van de Water,* all of Sheboygan.

For the respondents there was a brief by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Joseph K. Brennan.*

BROADFOOT, J.   The defendant filed a motion with this court for a dismissal of the appeal, contending that the order for a blood test was not an appealable order.  After hearing the arguments on the motion, this court denied the same without prejudice.  He devotes a considerable portion of his brief on this appeal to the appealability of the order.

The plaintiff contends that the judgment of the trial court is *res judicata* as to all issues which were raised during the trial, including the question of the paternity of Brian John Limberg.  She argues, therefore, that the trial court lacked jurisdiction to order that blood tests be taken at this stage

of the proceeding. It is claimed that the order is appealable under the provisions of sec. 274.33 (3), Stats., since the order determines a question of jurisdiction. The defendant contends that no present jurisdictional question is involved. In his brief he makes the following statements:

"There is no request by the respondent husband to amend the divorce judgment nor is there any request to alter any findings of fact or conclusions of law made by the trial judge at the conclusion of the divorce trial. . . .

"The appellant wife forgets that this order for blood tests is not 'on the issue of paternity' but is on the issue of providing factual information for the trial court to assist it in determining future jurisdictional questions involving the parties to this divorce and their children."

It will be noted that the motion directed to the trial court to issue an order for blood tests was made more than two years after the judgment was entered and more than five months after the judgment had been affirmed by this court. Although there was not a specific finding that the defendant was the father of the child born on April 20, 1957, the finding that the defendant had accused the plaintiff of acts of infidelity without just cause and had unjustly questioned the paternity of the child, together with the conclusion of law and the provision in the judgment that the defendant should pay all necessary medical and hospital expenses connected with the birth of the child and for a revision of the provisions for support after his birth, amounts to a finding and determination by the trial court of the issue of paternity which was contested during the trial. The order. of January 2, 1958, referring to the children of the parties necessarily included Brian and is an indication that the trial court had so determined by the findings and judgment.

Since there was a prior adjudication of the issue raised upon the trial, the defendant is now estopped from attempting to relitigate the same issue. Whether it be *res*

*judicata* or estoppel by judgment is unnecessary for us to determine. For the distinction between the two, see the article thereon by Hon. LEWIS J. CHARLES, judge of the Fifteenth judicial circuit in the June, 1959, issue of the Wisconsin Bar Bulletin. Since the defendant is estopped by the prior adjudication of the issue, the trial court was in error in issuing the order. Judgments of divorce will have no finality if parties are permitted to attempt to retry issues two years after a judgment has been entered.

The defendant relies upon the provisions of sec. 247.25, Stats., which give the court authority to revise and alter judgments of divorce concerning the care, custody, maintenance, and education of the children. The very language of the statute presupposes that the children referred to are the children of the parties. Revisions under that statute are based upon a change in the circumstances of the parents or of their children. The continuing jurisdiction of the trial court is limited to the purposes therein stated, and may not be used for a collateral attack upon the status of the parties to the action.

The defendant had ample opportunity during the trial to ask for an adjournment thereof until the child had been born and then to request blood tests. At that time the statute was permissive rather than compulsory but it has been our experience that upon any reasonable showing the trial courts granted such applications. The defendant had an application for blood tests pending at the time he appealed from the judgment. He had a choice of the procedure to follow and elected to appeal from the judgment. He is too late now to attempt to try a new approach to the old problem that was determined by the judgment.

When the defendant states that the order for blood tests is not "on the issue of paternity" he is admitting that the trial court had no jurisdiction to sign the order. Sec. 325.23,

Stats., provides that blood tests shall be taken to determine the parentage or identity of any child, person, or corpse. The only possible reason for seeking the order would be "on the issue of paternity."

The trial judge, a very conscientious person, attempts to justify the signing of the order on the ground that only good can come from it. In his memorandum decision he indicates that he is convinced that the results of the blood tests will be favorable to the plaintiff and to the child. Therefore the results of the tests might abate the obsession of the defendant that the child is not his and would allay any suspicion created by the defendant's attitude.

We certainly do not disagree with the convictions of the trial court. However, this is the first case involving the questions here presented since the statute was amended and the trial court is required to sign the orders for blood tests if applications are timely made. What is decided here may well establish some matters of practice in future cases.

Upon the first appeal in this action we decided that the trial court was not required to adjourn the case, upon its own motion, until after the birth of the child. We still regard it as the duty of the party raising the issue of paternity to move for the adjournment. It would be entirely proper, however, for the court to adjourn the action on its own motion. In cases such as this where the child was born after judgment has been entered, the proper procedure is to move to open the judgment for the purpose of obtaining an order for blood tests and presenting the result of the tests. Had that been done in this case, the application would undoubtedly have been granted. The matter could have proceeded in a timely and orderly manner and the defendant would not have been faced with an abandonment of his application for the tests in order to take the appeal.

It is our conclusion that the issue of the paternity of Brian John Limberg is *res judicata* and that the defendant could not raise the question if he had attempted to do so on the date of his motion.  Since he is not raising the issue, his application for the tests under the provisions of the statutes has no foundation and the court had no jurisdiction to issue the same.  The order is, therefore, appealable.  Upon the merits, the issues must be resolved in favor of the plaintiff.

*By the Court.*—That part of the order appealed from is reversed.  Cause remanded with directions to strike the same from the order.