[No. 37008.   Department Two.   July 2, 1964.]

ARTHUR R. JOHNS, *Appellant,* v. BARBARA L. JOHNS, *Respondent.*\*

*Gerald D. Hile,* for appellant.

*Mary E. Burrus,* for respondent.

DONWORTH, J.—This is an appeal by the former husband of respondent (whose name is now Barbara L. Foster) from an order of the Superior Court of King County dismissing his petition to modify a default decree of divorce granted him by the Superior Court of Grays Harbor County on December 13, 1957.

\*Reported in 393 P (2d) 948.

Appellant's petition (filed June 15, 1962) alleged that, by the original divorce decree, he was ordered to pay $40 per month for the support of a daughter (the older of two children who were born during the period of their marriage, which took place in Seattle in May, 1954). It was further alleged that he had always denied the paternity of these children, and that respondent had admitted to him that this daughter, born October 24, 1955, was not his child.

The change of conditions alleged to have occurred since the entry of the divorce decree was that appellant's take-home pay was then approximately $95 per week and that he had remarried and had to support his wife and three small children (the issue of the second marriage).

This petition concluded with this allegation:

" . . . Furthermore on August 12, 1959 Superior Court Judge William G. Long of the State of Washington in and for King County sitting as the King County Juvenile Judge in Juvenile Case Number 305255 made a finding that Arthur R. Johns, the plaintiff, is not the father of any of the three children including said . . . who were born in wedlock to the defendant herein at a time when the plaintiff was married to her and the order of the court relieved him of all duty of supporting any of the three children.[1] That this finding of Judge Long is determinative of the issue especially in view of the fact that the defendant did not appeal."

Respondent's answer denied only the allegations relating to the paternity of the daughter and the validity of the proceedings in the juvenile court.

At the hearing on appellant's petition, it was admitted that the three children (referred to in appellant's petition) became wards of the juvenile court and that the eldest child was then in the physical custody of respondent, subject to the juvenile court's supervision.

Also introduced at the hearing was a certified copy of Judge Long's order of August 9, 1959, which was alleged in appellant's petition to be determinative of the paternity issue.

---

[1]Respondent had a third child who is not involved in the present proceeding.

At the conclusion of appellant's case, respondent challenged the sufficiency of the evidence to show any change of circumstances since the divorce, and particularly challenged the validity of Judge Long's order as to the issue of paternity.

In sustaining this challenge, the trial court stated in its oral decision:

"The Court: In the opinion of the court if Judge Long had had the Grays Harbor decree before him, I seriously doubt if he would ever have made a finding such as he did make on the question of paternity. In my opinion had it been presented, he would have ruled that it was a matter of res adjudicata then, and I think it is a matter of res adjudicata now.

"The Grays Harbor decree starts out with this language:

" 'This cause, coming on for trial on this 13th day of December, 1957, plaintiff appearing in person and being represented by his attorney, Omar S. Parker, and the defendant appearing not, her default having been duly entered herein, and the Prosecuting Attorney resisting said action on the part of the State of Washington, and evidence having been introduced in said cause, and the Court having made its Findings of Fact and Conclusions of Law . . .'

"When he goes into court and represents to the court that these are the children of this marriage and the decree is entered on that basis, I do not think that he can come back at a later date and on a showing such as this upset that decree.

"In the case which you first cited and which I again read, the one that went up from Judge Findley's court,[2] there both parties were in petitioning for a modification, and both agreed that the child was not the father's and was not the issue of the marriage. That makes it an entirely different situation than we have before us. The supreme court there carefully abstained from writing an opinion or implying what they would say if this arose under circumstances such as these, where there was a plea of jurisdiction or one other situation.

"Entertaining those views, I will sustain the present challenge and deny the prayer of the petitioner for the modification."

---

[2] *Palmer v. Palmer*, 42 Wn. (2d) 715, 258 P. (2d) 475 (1953).

The trial court accordingly entered its order dismissing appellant's petition for modification of the default decree of divorce entered by the Superior Court for Grays Harbor County and granted respondent an additional judgment of $100 against appellant for her attorney fees in the modification proceeding.

In support of his appeal from the aforesaid order, appellant makes three assignments of error:

1. The trial court erred in its ruling which precluded appellant from introducing evidence to show that he was not the father of the oldest child.

2. The trial court erred in failing to hold that the order of the juvenile court of August 12, 1959 was res judicata of the paternity issue in the modification proceedings.

3. The trial court erred in making an award of attorney fees to respondent.

Regarding appellant's first assignment of error, the trial court sustained respondent's objection to any testimony as to events that occurred prior to the entry of the decree of divorce on December 13, 1957. Appellant made no offer of proof regarding such events, so there is nothing for us to pass upon.

Appellant's second assignment is that the trial court declined to hold that the juvenile court's order of August 12, 1959, finding that appellant was not the father of the older child, who was born during the period of the marriage, was res judicata of the issue of paternity. There are several reasons which, in our opinion, amply sustain the trial court's ruling on this issue.

■ First, appellant obtained the original divorce decree (respondent having previously been declared in default for want of an appearance) on the basis of a complaint which did not raise any issue as to the paternity of either child. Furthermore, he presented to the court for signature a decree which stated that these two children were "minor children of the parties hereto" and directed him to pay $80 per month for their support. He thereby represented to the Superior Court of Grays Harbor County that this child was legitimate. As the trial court stated in its oral decision,

appellant cannot, on a petition for modification, disregard the original divorce which is res judicata of the paternity issue. If appellant had shown that the decree was the result of fraud on respondent's part, a different question might be presented. His evidence did not tend to show any such ground for relief. In his petition for modification, he merely alleged his remarriage, the birth of three children, the amount of his take-home pay, and the proceedings in juvenile court referred to above. He is bound by his own acts in obtaining the original divorce decree.

The portions of the juvenile court record admitted in evidence in this proceeding show that respondent was served only with an order to show cause at the hearing of July 9, 1959, why she should not be adjudged in contempt for failing to make certain payments required of her by a previous order of the juvenile court. There was nothing in that order to indicate that the court would at that hearing determine the legitimacy of her daughter or her former husband's obligation to support the child. She did not appear at the hearing.

Nevertheless, as the result of the hearing held on July 9, 1959, the juvenile court entered the order dated August 12, 1959, which purported to find that appellant was not the father of any of the three children born to respondent and purportedly relieved him of any further obligation to support any of them *under previous orders of that court.*

■■ In our opinion, the juvenile court had no jurisdiction to enter any order regarding the paternity issue and legitimacy of respondent's children without notice being given to her, even though the three children had previously been declared dependent children and were at that time wards of the juvenile court. Furthermore, while that court may have had general jurisdiction to relieve appellant of the obligation to make support payments pursuant to its prior orders, it had no jurisdiction to modify the decree of divorce entered by the Superior Court of Grays Harbor County, which had fixed the husband's obligation to support the child involved in this modification proceeding.

Appellant's third assignment is directed to the court's

allowance of $100 attorney fees to respondent for legal services in the trial court. At the time that this allowance was made, appellant's counsel stated to the court that this was a matter of the exercise of the court's discretion. On appeal, he contends that there was no evidentiary showing by respondent of her financial need for such allowance nor of appellant's ability to pay any allowance for her counsel fees.

The rather nominal sum allowed by the court hardly warrants extended discussion here. Since the matter was left to the discretion of the trial court by appellant, we cannot say, upon the record in this case, that there was an abuse of discretion. *Friedlander v. Friedlander,* 58 Wn. (2d) 288, 362 P. (2d) 352 (1961).

The more important matter in this connection is the delay in prosecuting this appeal. The child whose illegitimacy appellant seeks to establish was a ward of the juvenile court, and had been since 1958, when this proceeding was instituted in the spring of 1962. The order of the trial court denying appellant's petition for modification was entered December 20, 1962, but, after the filing of his notice of appeal, no further steps were taken by appellant to perfect the appeal until after respondent, on March 15, 1963, filed in this court a motion to dismiss the appeal for lack of prosecution. This motion was denied. Thereafter, with the exception of filing a brief, appellant performed the necessary steps in the prosecution of his appeal.

June 20, 1963, this court granted appellant until June 28 to file his brief on appeal. He filed it July 3, 1963. September 9, 1963, respondent filed another motion to dismiss appellant's appeal. September 24, 1963, the Chief Justice entered an order reciting that appellant's last payment for the support of his daughter was made on May 31, 1962, and that the appeal had been delayed by appellant's failure to file within the time allowed by this court a statement of facts and his opening brief. Therefore, appellant, as a condition of permitting him to maintain his appeal, was ordered to forthwith pay for the support of his daughter

the sum of $40, and the same sum on the 20th of October and each and every month thereafter.

■ We mention these matters because, as many times stated by this court, the paramount concern of the courts in proceedings to modify a divorce decree is the welfare of the child or children involved and not the convenience of the litigating parents. Here, we have a girl who was 7 years old at the time of the hearing in the superior court. Her father (appellant), in 1957, had requested a divorce decree requiring him to pay $40 per month for her support. Since 1959 he had denied her paternity in an attempt to escape the obligation to support her, which he had voluntarily assumed. In 1962 he instituted this modification proceeding to establish the fact of her illegitimacy. Having failed to do so in the trial court in that same year, he prolonged the status quo by failing to diligently prosecute his appeal in this court. The child is now 8½ years old and appellant, by his dilatory tactics, is still attempting to raise the question of her legitimacy.

We must put an end to this intolerable situation.

The trial court's order dismissing appellant's petition for modification of the divorce decree entered by the Superior Court of Grays Harbor County is hereby in all respects affirmed.

It is further ordered that respondent be awarded judgment against appellant in the sum of $250 as attorney fees for the services rendered in connection with this appeal and for her taxable costs herein.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.