E———, Plaintiff, v. E———, Respondent: E——— by Guardian *ad litem,* Appellant.*

*No. 46. Argued January 30, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 503.)

---

* Motion for rehearing denied, without costs, on April 20, 1973.

438

440

For the appellant there was a brief by *Stephen W. Hayes*, attorney and guardian *ad litem*, and *von Briesen, Redmond & Schilling* of counsel, all of Milwaukee, and oral argument by *Mr. Hayes*.

For the defendant-respondent there was a brief by *Kivett & Kasdorf* of Milwaukee, and oral argument by *Werner E. Scherr* of Milwaukee.

HANLEY, J. Two issues are presented on this appeal.

1. Was the question of the child's paternity res judicata because the defendant failed to challenge it at the original divorce proceeding; and

2. Assuming the question of paternity was not res judicata, should the defendant be estopped from denying that he is the natural father of the child?

This court is faced with the unique situation of a person initially claiming in court and under oath that a child is his, and then some eight months later challenging this child's legitimacy when he decides that it is no longer to his advantage to pay the child's support. The child contends that the question of his paternity was res judicata and that this should have acted to bar the trial court from vacating judgment. Nowhere in his brief does defendant address himself to the question of whether the issue of the child's paternity is res judicata; being content to rely solely on whether the trial court abused its discretion in vacating the February 2, 1970, judgment. It is clear not only from rulings of this court, but also from the numerous other jurisdictions which have considered the question, that the issue of the

paternity of minor children becomes res judicata between the parties under the original divorce decree and that it is error for a trial court to subsequently either vacate or modify the original judgment on the grounds that one of the alleged parents, who heretofore stood mute on the question of paternity, has now had a change of heart.

This court was faced with a similar situation in the case of *Limberg v. Limberg* (1960), 10 Wis. 2d 63, 102 N. W. 2d 103. In *Limberg,* just like in the case at bar, the trial court made a finding that the child which the plaintiff wife was pregnant with was a child of the marriage. Two years after the judgment for divorce, the defendant moved the court to order blood tests for his former wife, the child and himself, and the court granted his motion. In reversing the action of the trial court in ordering the blood tests, this court, at pages 67 and 68, stated:

". . . The order of January 2, 1958, referring to the children of the parties necessarily included Brian and is an indication that the trial court had so determined by the findings and judgment.

"Since there was a prior adjudication of the issue raised upon the trial, the defendant is now estopped from attempting to relitigate the same issue. Whether it be *res judicata* or estoppel by judgment is unnecessary for us to determine. . . . Since the defendant is estopped by the prior adjudication of the issue, the trial court was in error in issuing the order. Judgments of divorce will have no finality if parties are permitted to attempt to retry issues two years after a judgment has been entered.

". . .

"The defendant had ample opportunity during the trial to ask for an adjournment thereof until the child had been born and then to request blood tests. . . . He is too late now to attempt to try a new approach to the old problem that was determined by the judgment."

Although the question of paternity was contested in the original trial in *Limberg,* cases from other jurisdic-

tions hold that regardless of whether the issue was contested, the result is nevertheless the same.

The case of *Baum v. Baum* (1969), 20 Mich. App. 68, 173 N. W. 2d 744, represents a case much like the one at bar. In *Baum* the wife sued her husband for divorce alleging that the parties had a child born of the marriage. The husband appeared, consented to the judgment of divorce which provided that the wife was to have custody of the child together with support. When the wife sought back support payments, the defendant answered, alleging that his wife had falsified their marriage date in her complaint, and that the child was really that of her former husband. The trial court vacated the judgment and the Michigan court reversed on appeal stating:

"The defendant raises the question of parenthood in this cause. *Res judicata* bars him from disestablishing his paternity. The support order, although uncontested, constitutes an adjudication of paternity in regard to defendant's duty of support. . . .

"It becomes apparent to this Court that he now seeks to avoid support responsibility by this new stand; and it also appears through his claim of fraud, which he was part of, that he seeks to invalidate not only his parental obligations, but also his second marriage, which would be void if the trial court here is affirmed. *He had an opportunity to litigate the issue and was clearly aware of the infirmity in the complaint; and, therefore should not now be allowed to complain.*" (Emphasis added.)

The rule which denies a party the opportunity to relitigate issues of paternity after he has passively sat by throughout the original divorce proceeding likewise finds support in the numerous other courts which have considered the question. *Adoption of Stroope* (1965), 232 Cal. App. 2d 581, 43 Cal. Rptr. 40; *Sorenson v. Sorenson* (1963), 254 Iowa 817, 119 N. W. 2d 129; *Johns v. Johns* (1964), 64 Wash. 2d 696, 393 Pac. 2d 948; *Arnold v. Arnold* (1952), 207 Okla. 352, 249 Pac. 2d 734; *Wash-*

*ington v. Washington* (1959), 170 Cal. App. 2d 652, 339 Pac. 2d 169.

From the record, it would appear that the trial court's conclusion that there was not a complete finding as to the paternity of the child at the first hearing is without factual foundation. Plaintiff's complaint specifically provided that there was one child of the marriage. Both parties personally appeared at the hearing and on at least three occasions during the examinations of the parties by plaintiff's counsel and the family court commissioner, it was stated by both parties that the child was the natural child of the parties and born to the marriage. Based upon this, Judge MOSER made a clear and unambiguous finding of fact that the child was "issue of said marriage" and the subsequent judgment provided that the husband was to pay for the child's support.

Also without factual support is defendant's assertion and the trial court's conclusion that the defendant was not aware of the ramifications which followed his recognition that the child was his. Pursuant to an order filed at the very outset of the action, the defendant had been, with reasonable regularity, paying child support prior to the actual divorce proceeding. At the original hearing, Judge MOSER specifically informed the defendant of his continuing liability to pay child support and also ordered him to continue the child as a beneficiary on both his life and health insurance and as a contingent beneficiary of his pension rights until he reaches the age of twenty-one. The conscious choice not to be represented by counsel in a divorce proceeding has never been considered by this court as a tenable excuse for "sleeping on one's rights." *Holschbach v. Holschbach* (1966), 30 Wis. 2d 366, 371, 141 N. W. 2d 214; *Wesolowski v. Wesolowski* (1966), 30 Wis. 2d 15, 19, 139 N. W. 2d 660.

Although the trial judge did not specifically cite the statutory authority he was relying on to vacate the judgment, defendant argues that his motion to vacate was

brought pursuant to sec. 247.37 (2), Stats.[1] As this section clearly indicates, however, the trial court's discretion is limited solely to matters affecting "the marital status of the parties" and the question of paternity is not embraced within the meaning of the statute. As the language of sec. 247.25 [2] has been interpreted, it, too, is of little help to defendant. This statute allows judgments to be modified indefinitely but only for consideration of the care, custody, maintenance and education of the children. It does not provide for modification of the judgment as to the paternity of the children.

"The very language of the statute presupposes that the children referred to are the children of the parties. Revisions under that statute are based upon a change in the circumstances of the parents or of their children. The continuing jurisdiction of the trial court is limited to the purposes therein stated, . . ." *Limberg v. Limberg, supra,* at page 68.

The only statutory provision upon which the defendant could have petitioned the court for vacation of its judgment was sec. 269.46 (1), Stats.[3] We think that the

[1] In material part, sec. 247.37 (2), Stats., provides:
"So far as said judgment *affects the marital status of the parties* the court has the power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment, provided both parties are then living." (Emphasis added.)

[2] "247.25 **Revision of judgment.** The court may from time to time afterwards, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment concerning the care, custody, maintenance and education of any of the children, and make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require."

[3] "269.46 **Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence,

defendant's failure to raise the issue of the child's paternity at the original divorce hearing was in no way "excusable neglect" which is defined as "'. . . neglect through being misled or in spite of reasonable precautions or due to circumstances beyond control of the party. It does not include neglect which consists in a total sleeping on one's rights.'" *Padek v. Thornton* (1958), 3 Wis. 2d 334, 338, 88 N. W. 2d 316.

We conclude that the issue of paternity of the minor child is res judicata [and that] * no grounds for vacating the divorce judgment were presented by defendant which were sufficient to justify a reopening of the original judgment. Therefore, the order of January 11, 1971, and that part of the judgment appealed from must be reversed and the cause remanded.

*By the Court.*—The order and that part of the judgment appealed from is reversed. Cause remanded with directions to reinstate the original judgment of February 2, 1970.

* The word "since" substituted for bracketed words. *See, infra.*

The following memorandum was filed on May 3, 1973.

PER CURIAM. *(on motion for rehearing.)* At page 446 of our original opinion, it is stated:

"We conclude that the issue of paternity of the minor child is res judicata *and that* no grounds for vacating the divorce judgment were presented by defendant which were sufficient to justify a reopening of the original judgment." (Emphasis added.)

For purposes of clarification only, the word "since" is substituted for the words "and that."

The motion for rehearing is denied, without costs.

surprise or excusable neglect and may supply an omission in any proceeding."