In re MARRIAGE OF: Wayne Paul CAMPBELL and Linda Kay Campbell,

Wayne Paul CAMPBELL, Petitioner–Appellant,

v.

Linda Kay CAMPBELL, Respondent–Respondent.

No. 14930.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 9, 1987.

---

Donald Rhodes, Bloomfield, for appellant.

Thomas E. Bischof, Powell & Bischof, Dexter, for respondent.

## ORDER OF DISMISSAL AFFIRMED

FLANIGAN, Judge.

On November 17, 1976, the Circuit Court of Stoddard County, in Case No. 76–C–322, entered a decree dissolving the marriage of Wayne Campbell and Linda Campbell. During the marriage Wayne had adopted Desere, who was the natural child of Linda. Linda was pregnant on the date the decree was entered, and that child, Mark, was born on April 21, 1977. The decree made certain provisions, discussed later, with regard to the custody and support of Mark, then unborn.[1]

On April 25, 1986, Wayne filed, in Case No. 76–C–322, a document entitled "Motion to Modify and Amend Decree of Dissolution." In that motion Wayne alleged: "The parties and their attorneys understood at the time that the decree of dissolution was entered in this case that [Wayne] was not the father of the child and that [Wayne] was not to pay for the support and maintenance of said child"; "the decree of dissolution makes no finding as to whether or not [Wayne] is the father of [Mark]; [Linda] is now receiving Aid for Dependent Children from the Missouri Division of Family Services and [the Division] advised [Wayne] that he is responsible for supporting the said minor child unless [Wayne] obtains an order from the court that he is not the father of said child"; Wayne "is not the natural father of [Mark] and [Wayne] should not be ordered by this court or any other court to pay for the support and maintenance of [Mark]"; "it will be in the best interests of [Mark] for this court to enter its order determining the paternity of [Mark]."

Wayne's motion prayed for an order finding that Wayne was not the natural father of Mark and, strangely, "in the event the court finds [Wayne] is the father of [Mark], then [Wayne] prays the court to enter its order transferring custody of [Mark] from [Linda] to [Wayne]."

The trial court appointed a guardian ad litem for the minor child Mark. Linda filed a motion to dismiss the 1986 proceeding initiated by Wayne's motion. The trial court, after an evidentiary hearing held on August 6, 1986, sustained Linda's motion and entered its order dismissing the 1986 proceeding. Wayne appeals.

Wayne asserts that the trial court erred in entering the order of dismissal because

---

**1.** Neither in the trial court nor in this court has Wayne challenged the decree of November 17, 1976, on the ground that Mark was unborn at the time of its entry. None of the parties on this appeal has mentioned or briefed that aspect. Wayne's motion of April 25, 1986, by its nature, assumed the validity of the decree, including those portions dealing with Mark. In view of the disposition of this appeal, this court expresses no opinion on the legality or even advisability of a trial court adjudicating support and custody matters pertaining to an unborn child. As the opinion reflects, Wayne specifically requested such adjudication.

"[Linda] admitted under oath that [Wayne] was not the father of the minor child, and [Linda's] attorney stated to the [trial court] during oral argument on the motion to dismiss that [Linda] suspected that [Wayne] was not the father and her feelings were that [Wayne] was not the father of [Mark]. [Linda's] attorney admitted to the court that [Linda] had informed [Wayne] that he was not the father of [Mark]. Further, [Linda], in her answer, asked the court to order the parties to submit to a blood test for the purpose of determining parentage of the minor child. Therefore, [Wayne] did state a cause of action upon which relief could be granted."

In this court Linda, as respondent, has filed a brief in opposition to Wayne's appeal. Mark's guardian ad litem, who is an attorney, has joined in Linda's brief.

At the hearing on August 6, 1986, the court received into evidence a portion of Wayne's testimony which he had given on November 17, 1976, immediately prior to the entry of the dissolution decree. That testimony was: "It is my testimony and I am asking the court to grant my wife the care, custody and control of the unborn child which will be born of the marriage between me and her. I am doing that in an effort to keep her from having to return here and to prolong (sic) this hearing and because I tell the court she is a fit and proper person to have the care, custody and control. She is now carrying my child and that is a fact."

In the 1976 dissolution decree the court found that there was "one adopted minor child of this marriage, namely Desere, age four, and that [Linda] is pregnant with an unborn child." The orders contained in the decree included the following:

"3. [Linda] is to have the care and custody of [Desere] and the unborn child, subject to reasonable visitation privileges in [Wayne].

4. [Wayne] is ordered to pay to [Linda] all social security benefits due the children and in addition thereto he is ordered to pay $100 per month as child support for both children, with the first $100 payment due on December 1, 1976. Said child support shall remain at $100 per month even after the birth of the unborn child."

In May 1986, after Wayne's motion had been filed, he and Linda signed a written "agreement" which recited, among other things, that Wayne is not the natural father of Mark Campbell. Later, and prior to the hearing of August 6, 1986 on Linda's motion to dismiss, Linda filed an answer to Wayne's motion in which she stated, among other things, that she "is not sure who the father of Mark Campbell is and Wayne Campbell, in her opinion, may well be the father."

The overwhelming weight of outstate authority holds that a finding or implication of paternity in a divorce or annulment decree, or in an incidental support or custody order, is res judicata on the issue of paternity in subsequent proceedings between the former spouses and that each of them is bound by the prior paternity determination. *De Weese v. Unick,* 102 Cal.App.3d 100, 162 Cal.Rptr. 259 (Cal.App. 1980); *Peck v. Superior Court,* 185 Cal.App.2d 573, 8 Cal.Rptr. 561 (1960); *Washington v. Washington,* 170 Cal.App.2d 652, 339 P.2d 169, 171[1] (1959); *Garcia v. Garcia,* 148 Cal.App.2d 147, 306 P.2d 80 (1957); *Peercy v. Peercy,* 154 Colo. 575, 392 P.2d 609 (1964); *Johnson v. Johnson,* 395 So.2d 640 (Fla.App. 1981); *In re Marriage of Detert,* 391 N.W.2d 707 (Iowa App. 1986); *Sorenson v. Sorenson,* 254 Iowa 817, 119 N.W.2d 129 (1963); *Baum v. Baum,* 20 Mich.App. 68, 173 N.W.2d 744 (1969); *Butler v. Brownlee,* 152 Mont. 453, 451 P.2d 836 (1969); *Withrow v. Webb,* 53 N.C.App. 67, 280 S.E.2d 22 (1981); *Williams v. Holland,* 39 N.C.App. 141, 249 S.E.2d 821 (1978); *Arnold v. Arnold,* 207 Okl. 352, 249 P.2d 734 (1952); *Com. Ex Rel. Palchinski v. Palchinski,* 253 Pa.Super. 171, 384 A.2d 1285, 1287[3] (1978); *Johns v. Johns,* 64 Wash.2d 696, 393 P.2d 948, 950[2] (1964); *E____ v. E____,* 57 Wis.2d 436, 204 N.W.2d 503 (1973); *Limberg v. Limberg,* 10 Wis.2d 63, 102 N.W.2d 103, 107[4] (1960); 27C C.J.S. Divorce, § 702, pp. 331–332; 24 Am. Jur.2d Div. & Sep., § 1099, p. 1084; 78 A.L.R.3d 846, 853, § 3, 856, § 5 (Effect, in

Subsequent Proceedings, of Paternity Findings or Implications in Divorce or Annulment Decree or in Support or Custody Order Made Incidental Thereto.) [2]

In *Withrow v. Webb*, supra, a divorce decree, entered in 1975, contained a finding that Webb was the father of the child. In 1980 Webb filed a motion in the original divorce proceeding alleging that the mother had stated that the child was not his child and asked that the mother and child be required to submit to a blood-grouping test. The court held that res judicata barred Webb from attempting to raise the issue of paternity. At 280 S.E.2d p. 26 the court said:

> "Even if the principle of res judicata were not applicable, it would seem to us that to grant the motion for a blood-grouping test on this record, would open the door to unwarranted challenges of paternity, violate public policy, and clearly result in irreparable harm to the child whose parents appear to be bent on harassing one another."

Neither side has cited a Missouri case dealing with facts similar to those at bar. Support for the trial court's order of dismissal, however, is found in *Savage v. Purcell*, 9 S.W.2d 823 (Mo.App. 1928), and *Serfass v. Warner*, 707 S.W.2d 448 (Mo.App. 1986), as well as in the outstate decisions cited above.

In *Savage*, Evalina Savage brought a suit to recover past maintenance of a minor child against her former husband, Grover Purcell. The parties had been divorced in 1918 and in the divorce action the court adjudicated that the child involved was *not* the child of Grover. That finding was held to be conclusive as to the paternity of the child in Evalina's subsequent action for past maintenance. Grover, as a defense to the subsequent action, had pleaded res judicata on the issue of paternity. The court of appeals, affirming a judgment in favor of Grover, held that the paternity question "was once and for all settled," and that the

divorce decree was "conclusive between the parties as to all matters adjudicated by it," including the matter of paternity.

In *Serfass*, plaintiff and defendant were divorced in Texas and the decree required the defendant to pay child support. Later plaintiff filed, in Missouri, an initiating petition, under the provisions of the Uniform Reciprocal Enforcement of Support Law, seeking enforcement of the Texas decree for support. The trial court found in favor of plaintiff, and defendant appealed. Defendant argued, on appeal, that the trial court erred in not permitting him to prove that he was not the father of several of the children. This court held that the defendant had no right to contest the Texas decree's determination that the children were legitimate issue and that the original judgment of divorce was "conclusive (res judicata) on the issue of paternity." This court also said, at p. 452: "The trial court correctly held that the issue of paternity was foreclosed in this case."

Although the decree of November 17, 1976, made no express finding that Wayne was the father of Mark, Wayne gave positive testimony to that effect immediately prior to the entry of the 1976 decree. That decree also granted Wayne reasonable visitation privileges with respect to Mark and ordered him to pay child support for Mark and his sister. The only foundation for those portions of the decree was Wayne's testimony that he was Mark's father, and Wayne does not contend otherwise. Moreover, in divorce actions, Missouri courts have enforced the doctrine of res judicata in subsequent proceedings involving the former spouses, and have held the decree to be conclusive not only with respect to issues tried but also with respect to those which could have been tried. *Hedgecorth v. Hedgecorth*, 463 S.W.2d 596, 598[5] (Mo. App.1971); *Garbee v. Tyree*, 400 S.W.2d 193, 195[1] (Mo.App.1966); *Ezell v. Ezell*, 348 S.W.2d 592 (Mo.App.1961); *McKenzie v. McKenzie*, 306 S.W.2d 588, 592[10] (Mo.

**2.** In *S____ v. S____*, 595 S.W.2d 357, 360 (Mo. App.1980), the court said, in dictum: "A finding of paternity included in a divorce decree, following adjudication of the issue in the divorce proceeding, is res judicata against the husband or his privies on the question of paternity in a subsequent proceeding involving the husband, or his privies, and the child."

**298**

App.1957); *Price v. Price*, 281 S.W.2d 307, 309[2] (Mo.App.1955).

The 1976 decree adjudicated the issue of Mark's paternity and that adjudication, binding on Wayne, precluded Wayne's prosecution of the motion filed on April 25, 1986. That result was not affected by the fact that during the course of the 1986 proceeding Linda made conflicting statements with regard to Mark's paternity. The trial court properly sustained Linda's motion to dismiss.

Linda's motion for damages for frivolous appeal, filed after this case was argued in this court, is denied.

The order of dismissal is affirmed.

PREWITT, P.J., and MAUS, J., concur.

HOGAN, J., not participating.