[No. 12360-0-III.   Division Three.   December 2, 1993.]

*In the Matter of the Marriage of* KEN G. STAHLEY,
*Appellant, and* MICHELLE A. STAHLEY,
*Respondent.*

*Thomas D. Nagle,* for appellant.

*Patrick R. Cockrill* and *Cockrill & Weaver, P.S.,* for respondent.

CLARKE, J.[*] — Ken G. Stahley appeals the order dismissing his motion to vacate the decree which dissolved his marriage. He contends the court erroneously required him to

---

[*]Judge Harold D. Clarke is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

pay child support because he was not the actual father of the child, but had only an in loco parentis relationship, and that relationship terminated when he signed the petition for dissolution. We affirm.

The following facts are taken from the trial court's undisputed findings. Ken G. Stahley and Michelle A. Stahley (now Michelle Doust) were married in August 1979. Ms. Doust had two daughters at the time of the marriage: a 2-year-old fathered by another man and a 1-year-old fathered by Mr. Stahley. Mr. Stahley lived in the same home with the 2-year-old, Sommer Stahley, from the time she was 3 months old until he separated from Sommer's mother. He is the only father Sommer has ever known. He maintained a close relationship with her and wanted to adopt her. He treated Sommer as his daughter throughout the marriage and even after the marriage was dissolved.

In 1982, Mr. Stahley and Ms. Doust changed the surnames of Sommer and her little sister to Stahley. Their birth records had previously reflected their mother's surname, but Mr. Stahley and Ms. Doust sought to avoid problems with enrolling the girls in school which might arise from the surname discrepancy. In Sommer's case, Mr. Stahley and Ms. Doust explored both adoption and change of name, and they elected merely to change Sommer's surname because it was less expensive. In seeking the name change, both Mr. Stahley and Ms. Doust represented to the court that Sommer was their natural child.

In October 1988, Mr. Stahley and Ms. Doust separated. Mr. Stahley filed a petition to dissolve the marriage on Valentine's Day, 1989. In signing the verified petition, Mr. Stahley averred that both Sommer and her little sister were issue of the marriage. On December 1, 1989, a decree of dissolution, findings of fact, and parenting plan were entered, maintaining that Sommer and her little sister were dependent children of Mr. Stahley and Ms. Doust. Mr. Stahley was ordered to pay child support for Sommer.

Mr. Stahley subsequently moved to vacate the decree, and on July 8, 1991, he obtained an order requiring Ms. Doust to

show cause why the decree of dissolution regarding his obligation to support Sommer should not be vacated. Mr. Stahley contended Ms. Doust had deceived him into believing he had legally adopted Sommer, and he did not discover the deception until sometime after the decree of dissolution was entered.

The court held Mr. Stahley had failed to prove fraud, misrepresentation, or false statements regarding Sommer's adoption. The court concluded Mr. Stahley was estopped from denying paternity of Sommer based on the res judicata effect of the decree of dissolution, and he was bound by the obligations established in the decree. This appeal timely followed.

The sole issue Mr. Stahley raises is whether the court erroneously required him to pay child support because he only had an in loco parentis relationship with Sommer, which relationship ended when he petitioned for a marital dissolution.

Mr. Stahley raised this issue in the trial court on a motion to vacate a portion of the decree of dissolution. The granting of a motion to vacate a judgment is directed to the discretion of the trial court, and will not be reversed in the absence of a manifest abuse of that discretion. *Gustafson v. Gustafson*, 54 Wn. App. 66, 70, 772 P.2d 1031 (1989). Mr. Stahley has failed to demonstrate a manifest abuse of discretion.

A person who presents a dissolution decree for the court's signature, representing that the children are that person's issue, cannot subsequently disregard that decree; it is res judicata on the paternity issue. *Johns v. Johns*, 64 Wn.2d 696, 699-700, 393 P.2d 948 (1964). The court, at 699-700, held:

> First, appellant obtained the original divorce decree . . . on the basis of a complaint which did not raise any issue as to the paternity of either child. Furthermore, he presented to the court for signature a decree which stated that these two children were "minor children of the parties hereto" and directed him to pay $80 per month for their support. He thereby represented to the Superior Court . . . that this child was legitimate. As the trial court stated in its oral decision, appellant cannot, on a

> petition for modification, disregard the original divorce which is res judicata of the paternity issue. . . . He is bound by his own acts in obtaining the original divorce decree.

In this case, Mr. Stahley's situation is essentially identical to *Johns*. He does not dispute the court's findings which establish the following facts: (1) In seeking a name change for Sommer, he represented to the court that Sommer was his natural child;[1] (2) he filed the petition to dissolve the marriage, which averred by signed verification that Sommer was the issue of the marriage;[2] and (3) the decree of dissolution entered on December 1, 1989, established that Sommer was Ms. Doust's and his dependent child.[3] Based on these facts, Mr. Stahley is likewise bound by his previous representations to the court; the dissolution decree is res judicata as to Sommer's paternity and will not be changed.

*Johns*, at 700, allows for a different result upon a showing of fraud, but Mr. Stahley does not dispute the court's finding that no fraud or misrepresentation was proved.[4] Therefore, the court did not abuse its discretion in refusing to vacate the judgment.

Mr. Stahley's reliance upon *Taylor v. Taylor*, 58 Wn.2d 510, 364 P.2d 444 (1961) is misplaced. The most notable distinction is that in *Taylor* the father never represented to the court in the divorce proceedings that the child was his, and he challenged the support obligation before the divorce judgment was entered. *Taylor*, at 510. Likewise, Mr. Stahley's argument that entry of a dissolution decree terminates a stepparent's obligation of support is unpersuasive. It rests upon the assumption that he is a stepparent, but his representations to the court are res judicata on the paternity issue, thus barring him from claiming stepparent status.

---

[1] Finding of fact 9.

[2] Finding of fact 10.

[3] Finding of fact 11.

[4] Finding of fact 13.

The court did not abuse its discretion in rejecting this argument.

Two other issues raised by Ms. Doust require brief resolution. In her response to the appeal, Ms. Doust contends that Mr. Stahley's motion to vacate the decree was not made within a reasonable time as required by CR 60(b); thus, the motion was properly denied on the basis of laches. There is no need to reach this issue, as the court's express reason for dismissing the motion was proper.

Finally, Ms. Doust requests attorney fees on appeal. RAP 18.1(c) requires one party to serve upon the other and file a financial affidavit no later than 10 days before the time set for oral argument. She has failed to file such an affidavit; hence, there is no basis for such an award, and her request is denied.

We affirm.

SWEENEY, A.C.J., and MUNSON, J., concur.