STATE of Missouri, ex rel., MAYNES CONSTRUCTION COMPANY, INC., Respondent,

v.

CITY OF WILDWOOD, et al., Appellants.

No. 72394.

Missouri Court of Appeals, Eastern District, Division Five.

March 31, 1998.

---

Daniel G. Vogel, Paul V. Rost, Stinson, Mag & Fizzell, P.C., St. Louis, for appellants.

Robert D. Blitz, Ellen W. Dunne, John E. Bardgett, Sr., Riezman & Blitz, P.C., St. Louis, for respondents.

RICHARD B. TEITELMAN, Judge.

This appeal arises from a legal challenge by Plaintiff/Respondent, Maynes Construction Company, Inc. ("Maynes"), a residential subdivision developer, to the conditional approval by the City of Wildwood Planning and Zoning Commission of a site development plan for a subdivision known as Wildwood Meadows. The City's approval of the plan was subject to three specific conditions it imposed relating to road improvements and addition of a sump area inlet. Maynes objected to this conditional approval of its site development plan, claiming that under applicable local ordinances it had a clear legal right to have the plan unconditionally approved. Maynes sued the City in mandamus, with alternative claims for declaratory judgment relief and for judicial review pursuant to Section 536.150 RSMo 1994. The trial court ruled in favor of Maynes, granting mandamus relief and also ordering the City to pay Maynes' attorneys fees. The City appeals. We reverse the judgment, holding that Maynes failed to exhaust available and mandatory administrative remedies.

Wildwood Meadows was originally located in what was an unincorporated area of St. Louis County. That area is now within the recently incorporated City of Wildwood. The zoning for that area was amended by St. Louis County in 1990 by St. Louis County Ordinance No. ("SLCO") 14878, a site-specific ordinance enacted to allow a planned residential subdivision at that location. Pursuant to SLCO 14878 Maynes submitted a site development plan for the subdivision, which was approved by St. Louis County in the spring of 1995.

Then, in September of 1995, the City of Wildwood incorporated.

Shortly thereafter the City adopted various subdivision and zoning ordinances of the county including, among others, SLCO 14878. At the same time the City Council also imposed a moratorium on all land development within its boundaries. In February of 1996 the City Council changed the previously adopted general St. Louis County Zoning Ordinance, and enacted this changed law as Wildwood Ordinance ("WWO") 208. On the same day, the Council also adopted an amended St. Louis County general Subdivision Code, which became WWO 209.

Various discussions then ensued between Maynes and City officials, concerning possible amendments to the site-specific zoning ordinance relating to Wildwood Meadows and the requirements regarding development of that subdivision.

In April of 1996, Maynes requested that the City consider amending the previously city-adopted SLCO 14878, the site-specific zoning ordinance regarding the proposed subdivision. Maynes wished to delete therefrom a requirement that a road which runs adjacent to the subdivision be relocated. The Planning and Zoning Commission considered this request, and made certain recommendations regarding amendment of the ordinance to City Council.

In August of 1996 Maynes submitted to the City a new site development plan for the subdivision that reflected the deletion of the road relocation requirement and certain other changes as well. Maynes submitted this amended plan in anticipation that the City would eventually amend its site-specific zoning ordinance as Maynes had requested.

On October 28, 1996, the Wildwood City Council then amended SLCO 14878, by enacting WWO 265. While similar, this new ordinance differed from the previous one in a number of respects, including deletion of the road relocation requirement. The ordinance also substantially increased the minimum lot size and thus reduced the permitted number of residential lots. It also stated that Maynes would be required to "dedicate additional right of way along Strecker Road as determined ·by [the City] to facilitate the improvement of this roadway's current width

and alignment." WWO 265 does not specifically refer to any of the three particular conditions that are objected to by Maynes. It does, however, contain numerous general incorporative references to the City's Subdivision Code and other generally applicable city ordinances pertaining to development.

For much of November and December, 1996, following the City Council's enactment of WWO 265, the City Departments of Planning and Public Works as well as the Site Plan Subcommittee of the Planning and Zoning Commission processed and reviewed the amended site development plan Maynes had submitted in August.

On January 6, 1997, the Planning and Zoning Commission formally met to consider the plan. The Commission recommended approval of the plan but subject to eight specific conditions.

Maynes objected to imposition of the eight conditions and informally appealed the matter to the City Council. On January 20, 1997, the Council considered Maynes' request and decided to refer the matter back to the Planning and Zoning Commission. In so doing, the Council asked that the eight conditions each be reviewed for possible deletion or modification.

As a result the Planning and Zoning Commission met on February 3, 1997 to reconsider the eight conditions. It voted to delete five of the eight requirements, keeping three. The three remaining conditions attached to approval of the amended site development plan were: (1) addition of 3.75 feet of pavement widening to the area of Strecker Road adjoining the subdivision; (2) addition of 8 feet of level shoulder area along the same length of roadway; and (3) addition of a sump area inlet in the detention basin to reduce siltation problems.

On February 11, 1997, Maynes filed an appeal of the Commission's decision pursuant to WWO 195, which is Wildwood's ordinance setting forth an Administrative Review procedure.

Two days later Maynes filed its lawsuit. Maynes contended that under WWO 265 and Section 1003.187.14(2) of WWO 208, which Maynes claims are the only "governing" applicable ordinances in this controversy, the City had no legal authority to impose the three conditions it did regarding approval of the site development plan. Hence, Maynes claimed, the Planning and Zoning Commission should be compelled by mandamus to unconditionally approve the plan. The trial court agreed and gave judgment in favor of Maynes. This appeal followed.

The City of Wildwood raises four issues in its appeal of the trial court's judgment.

First, the City contends that the trial court erred as a matter of law in ordering the Planning and Zoning Commission to unconditionally approve Maynes' site development plan because, it claims, in reaching that decision the court misapplied and misinterpreted various provisions of the City's zoning ordinances and Subdivision Code.

In its second point, the City argues that the trial court erred because the road improvement requirements which the Planning and Zoning Commission imposed as conditions for approval of Maynes' site development plan were mandated by the City's generally applicable Subdivision Code, and nothing in WWO 265 exempted Maynes from compliance with the requirements of the Subdivision Code.

In its third point the City avers that, even assuming Maynes might have been entitled to judgment on the underlying issues in the case, the trial court erred in awarding Maynes attorneys fees.

The City's fourth point on appeal argues that the trial court erred in denying the appellants' motion to dismiss for lack of jurisdiction in that the trial court lacked jurisdiction to grant the judgment because Maynes failed to exhaust available and mandatory administrative remedies established by ordinance.

We find the exhaustion issue to be wholly dispositive of this matter and hence will not address the merits of the other three issues on appeal.

■ A party aggrieved by an administrative zoning decision must first exhaust its administrative remedies before it can seek judicial relief. *State ex rel. Forget v. Franklin County,* 809 S.W.2d 430, 432 (Mo.App. E.D.1991). Exhaustion of such administrative remedies is a jurisdictional requirement for a declaratory judgment action. *State ex rel. J.S. Alberici v. City of Fenton,* 576 S.W.2d 574, 577–78 (Mo.App. E.D.1979); *N.G. Heimos Greenhouse, Inc. v. City of Sunset Hills,* 597 S.W.2d 261, 263 (Mo.App. E.D.1980). The same is true with respect to a mandamus action. *Drury Displays v. Richmond Heights,* 922 S.W.2d 793, 797 (Mo. App. E.D.1996); *State ex rel.. Alberici v. City of Fenton, supra* at 578.

■ The City of Wildwood had in place an Administrative Review Procedure established by ordinance which provided clear machinery for the submission, evaluation and resolution of complaints by aggrieved parties. Wildwood Ordinance No. 195 provides that any aggrieved party seeking review of any final decision of any city officer, employee, board or commission which is claimed to be unlawful may petition the City's Board of Administrative Review. WWO 195 expressly requires that its review procedures must be exhausted before an aggrieved party may file a court action against the City. Since the ordinance establishes a procedure for appeal from decisions of any "commission" of the City, by its terms it plainly applied to Maynes' dispute with the Planning and Zoning Commission's decision to conditionally approve Maynes' site development plan for Wildwood Meadows.

Moreover, the review process set forth in the ordinance provides for a formal hearing before the Board at which parties are allowed to present evidence under oath. It further provides for public notice of such hearing, cross-examination and rebuttal, and maintaining an evidentiary record of the proceedings. This review procedure thus has the adversarial quality and procedural formality characteristic of a contested case. *Hagely v. Board of Education,* 841 S.W.2d 663, 668 (Mo. banc 1992).

Maynes argues that it is not required to exhaust the administrative review process of WWO 195 before seeking judicial relief because Section 11 of the ordinance says the review is "advisory."

■ To be applicable, the doctrine of exhaustion of administrative remedies requires that the reviewing agency "is empowered to grant relief." *Pessin v. State Tax Commission of Missouri,* 875 S.W.2d 143, 146 (Mo. App. E.D.1994). An administrative review procedure would fail to meet that test if in fact it was purely advisory, for "advisory" connotes the power to do nothing more than counsel, advise or recommend. *Thurmond v. Moxley,* 879 S.W.2d 709, 712 (Mo.App. S.D. 1994). But such is not the case here. WWO 195 involves a process under which the Administrative Review Board makes a recommendation following the required hearing. The process then culminates in final review by the City Council, which is obligated to "take action" within 30 days on the Board's recommendation. Construing the "advisory" language of Section 11 of the ordinance in the context of the ordinance as a whole, it is clear that while the Board's recommendation may be "advisory," the City Council's action on the recommendation is not. Maynes could have obtained full relief had it pursued and exhausted the review process of WWO 195, in that the City Council could have conclusively determined that Maynes was not required to comply with the three conditions that the Planning and Zoning Commission attached to approval of the site development plan.[1] Of course, were Maynes to exhaust this administrative review process and not

---

1. Maynes indeed filed a Petition for Review pursuant to WWO 195 on February 11, 1997. But then Maynes abandoned that process by filing this lawsuit two days later. The rule requiring exhaustion of administrative remedies does not merely require the **initiation** of administrative procedures; rather it requires **exhausting** them— i.e., pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial review. 73 C.J.S *Public Administrative Law and Procedure,* Section 39 (1983).

obtain full relief, then Maynes would be entitled to file an action in circuit court, and to seek any and all forms of judicial relief that might be applicable.

Maynes also argues that it was not required to exhaust the administrative review procedure mandated by WWO 195 because Maynes had previously complained regarding the Planning and Zoning Commission's decision concerning the site development plan to City Council, who then referred the matter back to the Planning and Zoning Commission again for further determination. Maynes urges us to hold that, assuming it was required to pursue an administrative appeal under WWO 195, then it did so by this "prior appeal to the City Council" and thus did not need to appeal again.

An examination of the record shows this argument to be without merit. What Maynes is calling its "prior appeal" under WWO 195 was really just an informal complaint in the form of a letter sent directly to the City Council. That letter was not a Petition for Review under WWO 195 and did not request a hearing. Rather, it completely bypassed WWO 195's prescribed procedure and requirement of a formal evidentiary hearing before the Administrative Review Board. Thus, the "appeal" that Maynes mentions did not in any way follow the prescribed review process of WWO 195 and was not an exhaustion of that administrative remedy.

Maynes was jurisdictionally required to exhaust its administrative remedies before seeking judicial relief and did not do so.

Accordingly, the writ of mandamus heretofore issued is quashed and this cause is remanded to the trial court for dismissal of the action.

CRAHAN, C.J., and GERALD M. SMITH, Senior Judge, concur.

