ARNOLD v. ARNOLD.

No. 34635. Oct. 28, 1952.

*249 P. 2d 734.*

Charles L. Baxter, Oklahoma City, for plaintiff in error.

Reynolds & Ridings, Oklahoma City, and Susman & Landy, Denver, Colo., for defendant in error.

PER CURIAM. The initial divorce action between the parties was filed by appellee on June 8, 1946. The petition alleged that "no children have been born but at the time the plaintiff is pregnant." On June 25, 1946, appellant, who was the defendant in the court below, filed an entry of appearance and waiver properly notarized, in which he stated "he has read and understands the same (petition)." On the same date, June 25, 1946, judgment granting a divorce was entered with the journal entry, approved by the attorneys of record for both parties. The court made a specific finding as follows:

"The court further finds that plaintiff is now pregnant with child by the defendant and the court hereby reserves jurisdiction of the expense of delivery, care and custody of said child."

No motion for new trial was filed and no appeal was taken.

On November 24, 1948, the appellee filed a supplemental petition seeking support for Charles Lee Hankins, Jr., the child referred to at the time the decree was entered. An ex parte order was issued setting support at $50 per month. Thereafter, upon motion by appellant to vacate the order, a full hearing was had. On the 16th day of September, 1949, the trial court entered its order fixing child support at $50 per month, ordering the payment of back installments from the date of the supplemental petition, and granting an attorney's fee to appellee's attorney. Appellant seeks reversal of the latter order.

The sole ground upon which appellant relies for reversal is that the appellant is not the father of the child concerned.

Appellant's brief contains some suggestions of fraud on the court. However, the Oklahoma statutes specifically provide the procedure to be followed in setting aside a judgment for fraud. 12 O.S. 1951 §§1031 (4), 1033. This procedure has not been instituted or followed in this case.

Proceedings to vacate a judgment for fraud must be commenced within two years after the judgment was rendered or the order made. 12 O. S. 1951 §1038. In this instance no attack was made until after appellee filed her motion for child support on November 24, 1948. The limitations period had expired and the judgment must stand.

Nor can it be said that the statute was tolled by the fraud since the original divorce petition referred to the pregnancy and the decree, approved by the attorney then representing the appellant, specifically found that appellee was pregnant by the appellant. Appellant also testified at the 1949 hearing that he was aware of appellee's claim regarding the paternity of the child prior to the granting of the divorce, and said nothing to the court about it.

Under these circumstances there is no basis for setting aside the finding of the trial court as to the paternity of the child. While the statutes provide for continuing jurisdiction of the court with respect to child custody and support, such provision does not per-

354

mit the original findings as to paternity to be disturbed.

If there had been no finding of the trial court in the original proceeding, the appellant might have asserted the defense that the child was not his. But in the face of the original finding that the child was appellant's, approved by his own attorney, and not appealed from, he cannot now defend on such ground.

The only remaining question is the matter of support of the child. No issue is made as to the amount of such support, as allowed by the court below. Nor can it be successfully challenged in this state that a father is responsible for the support of his child.

The order of the court below is, therefore, affirmed.

Counsel for appellee in their brief have requested an additional allowance of attorneys' fees for services on appeal. At the conclusion of the proceedings in the trial court, counsel for appellee were allowed a fee of $225. Since that time they have expended considerable time and effort in defending this appeal. Appellee is granted an additional allowance of $200 for attorneys' fees herein.

Appellee in her brief has requested judgment on the supersedeas bond. In accordance with the rules of the court, judgment is rendered on the bond against the sureties thereon, as well as appellant, for all moneys allowed by the trial court, plus the sum of $50 per month from the 29th day of September, 1949, to the date of this judgment, together with the additional allowance of attorneys' fees and costs.

This court acknowledges the services of Attorneys Jack N. Hays, Joseph L. Hull, Jr., and P. N. Landa, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.