**Elton E. THOMPSON, Plaintiff in Error,**

v.

**Mary W. THOMPSON, Defendant in Error.**

No. 38282.

Supreme Court of Oklahoma.

Dec. 8, 1959.

Hoel & Horton, Stillwater, for plaintiff in error.

Swank & Swank, Stillwater, for defendant in error.

JACKSON, Justice.

This is an appeal from judgment upon "supplemental petition" of defendant Mary W. Thompson in divorce action, ordering plaintiff, Elton E. Thompson, to pay the sum of $50 a month as and for the support and maintenance of a child of the parties, which was born about six months after the divorce decree was entered. A brief history of the case is as follows: On July 7, 1947, a divorce decree was entered in the District Court of Payne County, Oklahoma, on petition of plaintiff, Elton E. Thompson, who was then a resident of Payne County, and waiver signed by defendant, Mary W. Thompson. The court found that "they have no children of this marriage". A child was born to defendant about six months after the decree was entered, which plaintiff has recognized as his, so that the paternity of the child is not in issue. Plaintiff contributed to the support of the child over the years in varying amounts. On May 20, 1957, defendant filed a "motion to modify" the original decree to provide for the support of the child, as alleged, which the court treated as a "supplemental petition". Notice was served on plaintiff at Poteau, Oklahoma, by the Sheriff of Le-Flore County, and returned to and filed by the Court Clerk of Payne County, Oklahoma. Plaintiff objected to the jurisdiction of the court over his person and the subject matter, which was overruled. Upon trial, judgment was rendered, ordering plaintiff, Elton E. Thompson, to pay $50 a month for the support of such child commencing March 1, 1958.

The principal contentions of plaintiff are that the original divorce decree was res judicata or estoppel by judgment, and could not be reopened for the purpose of providing for the support of the child, and that the District Court of Payne County lacked jurisdiction over plaintiff's person, he being a resident of LeFlore County.

The supplemental petition was not brought by defendant to recover money for herself. It was brought for the benefit of the child, to provide for its future support.

There was no issue presented to the trial court in the original action as to the custody or support of any unborn child. For that reason, the original decree could not be res judicata. The case of Arnold v. Arnold, 207 Okl. 352, 249 P.2d 734, cited by plaintiff is not in point, because in that case the issue in question was *litigated* in the original decree.

Title 12 O.S.1951 § 1277 empowers the trial court in a divorce action to modify or change any order in respect to the custody and support of the minor children of the marriage. Jones v. Jones, 177 Okl. 181, 58 P.2d 330; Sullins v. Sullins, Okl., 280 P.2d 1009.

Although we have not heretofore construed that statute in connection with a child of the parties born after the divorce decree was entered, the case of Laumeier v. Laumeier, 237 N.Y. 357, 143 N.E. 219, 32 A.L.R. 654, presented an almost identical fact situation. It was therein held, in paragraph two of the syllabus:

"A child born after a divorce, for which no provision is made in the decree, is entitled to support and maintenance by its father."

In Shannon v. Shannon, 97 Mo.App. 119, 71 S.W. 104, it was held that a divorce proceeding in which a decree was granted to a husband, the wife being apparently childless at the time, may be reopened by the former wife to secure an allowance for support of a child born after the divorce.

We adopt the holding of those cases, in construing the above-cited statute,

and conclude that the District Court of Payne County had exclusive and continuing jurisdiction of the original action, including any modification or supplemental proceedings to provide for the custody and support of the child of the parties born after the divorce.

The contention of plaintiff that the Payne County District Court had no jurisdiction over his person is without merit. Inasmuch as the District Courts of this State are courts of general jurisdiction, their process is good when served in any county of the State, provided the court has *venue* of the action. Inasmuch as we have concluded that the Payne County District Court had continuing and exclusive jurisdiction, and venue, of the subject-matter of the judgment complained of, it follows that the court obtained jurisdiction over the person of plaintiff upon service of its process upon him in LeFlore County.

In Stoner v. Weiss, 96 Okl. 285, 222 P. 547, we held that when a modification is sought of a decree of divorce which fails to make any provision for the support of a child, it is unnecessary to have a summons issued and served, as the court has continuing jurisdiction of the subject-matter upon notice given to the adverse party.

Defendant in answer brief asks this court to grant $200 as attorney fees for services of her attorneys in defending this appeal. It does not appear that attorney fees were awarded to defendant by the trial court, although $50 was granted by this court for briefing cost. We think the sum requested by defendant is reasonable, considering the time and effort involved, and the amount is not contested by plaintiff.

The judgment of the trial court is affirmed, and defendant is hereby allowed $200 as and for attorney fees for services in connection with this appeal. Hartshorn v. Hartshorn, 67 Okl. 43, 155 P. 508; Arnold v. Arnold, 207 Okl. 352, 249 P.2d 734.

It is further directed that this order for attorney fees be entered as a judgment in this cause in the District Court of Payne County, Oklahoma, and be enforced as other judgments in that court.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.