2008 OK CIV APP 35

Cynthia **STONEBARGER**,
Petitioner/Appellee,

v.

Shannon S. **WILKINS**,
Respondent/Appellant.

No. 104,086.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 29, 2008.

Lauren LeBlanc Day, Newalla, OK, for Petitioner/Appellee.

William F. Raynolds, II, Pamela L. Anthony, Benjamin D. Aycock, Hood & Raynolds, P.C., Tulsa, OK, for Respondent/Appellant.

BAY MITCHELL, Vice–Chief Judge.

¶1 Defendant/Appellant Shannon S. Wilkins (Father) appeals the trial court's November 9, 2006 denial of his motion for new trial or, in the alternative, to correct, open, modify, or vacate the trial court's earlier order granting primary physical custody of M.W. (Child) to Plaintiff/Appellee Cynthia Stonebarger (Mother). Finding no abuse of discretion, we affirm the trial court's ruling.

¶2 Mother and Father are the natural parents of Child, who was born out of wedlock October 10, 1999. In January 2001, Mother and Father entered an agreed temporary order in Tulsa County District Court, which declared Child's primary residence to be with Mother subject to Father's rights of visitation and set the amount of Father's child support payments. On June 21, 2004, after learning of Mother's plans to move with Child to her parents' house in Mother's hometown of Mesquite, Texas, Father applied for a temporary restraining order and for modification of the agreed temporary order on the issue of primary physical custody. The trial court immediately sustained Father's application for temporary order restraining the relocation of Child.

¶3 After a trial on the merits, in its order dated October 26, 2005,[1] the trial court found

1. The trial court did not file the order until March 7, 2006.

Mother carried her burden to prove her proposed relocation is in good faith but Father failed to meet his burden to show the move is not in Child's best interest. *See* 43 O.S. Supp.2002 § 112.3(K).[2] As a result, the trial court awarded Mother and Father joint legal custody of Child but granted primary physical custody to Mother subject to Father's right of visitation, thus clearing the way for Mother and Child to move to Texas. In response, Father filed a motion for new trial or, in the alternative, to correct, open, modify, or vacate the trial court's custody order. The trial court denied the motion and Father initiated the present appeal.

¶ 4 We review the trial court's denial of Father's motion for abuse of discretion. *See Robinson v. Okla. Nephrology Assocs., Inc.*, 2007 OK 2, ¶ 6, 154 P.3d 1250, 1253 (denial of new-trial motion reviewed "for error of a pure question of law or for an abuse of discretion which is arbitrary, clearly against the evidence, and manifestly unreasonable"); *see also Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194 (abuse-of-discretion standard applies to trial court's grant or denial of petition to vacate). The underlying custody decision is likewise within the trial court's discretion. *Daniel v. Daniel*, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. We will not disturb the trial court's custody ruling "absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence." *Id.* We give

deference to the trial court in reviewing custody decisions because it "is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." *Shaw v. Hoedebeck*, 1997 OK CIV APP 69, ¶ 10, 948 P.2d 1240, 1243.

¶ 5 On appeal, Father does not contest the trial court's determination that Mother's proposed relocation was made in good faith. Rather, he argues the trial court erred as a matter of law and abused its discretion "by failing to consider and weigh the evidence presented at trial with regard to Child's best interests under 43 O.S. Supp.2002 § 112.3(J)[3] and in denying Father's application for new trial or, in the alternative, motion to correct, open, modify, or vacate" the trial court's earlier order granting physical custody of Child to Mother. Father acknowledges that, as the non-relocating parent, the burden is his under § 112.3(K) to prove the relocation is not in Child's best interest.

¶ 6 It is undisputed Child's primary residence has always been with Mother. Mother testified that in the summer of 2004 she decided to move back to her parents' home in Mesquite so she would be able to work for her father and have family support while going back to school. She further testified Child misses his half-siblings, who currently reside with her parents in Mesquite,

2. Section 112.3(K) of Title 43, Oklahoma Statutes, provides "[t]he relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden shifts to the nonrelocating person to show that the proposed relocation is not in the best interest of the child."

3. Section 112.3(J) of Title 43, Oklahoma Statutes, provides:
1. In reaching its decision regarding a proposed relocation, the court shall consider the following factors:
a. the nature, quality, extent of involvement, and duration of the child's relationship with the person proposing to relocate and with the nonrelocating person, siblings, and other significant persons in the child's life,
b. the age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child,
c. the feasibility of preserving the relationship between the nonrelocating person and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties,
d. the child's preference, taking into consideration the age and maturity of the child,
e. whether there is an established pattern of conduct of the person seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating person,
f. whether the relocation of the child will enhance the general quality of life for both the custodial party seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity,
g. the reasons of each person for seeking or opposing the relocation, and
h. any other factor affecting the best interest of the child.

and would be better off living with Mother and his half-sister and -brother as one family. Mother plans to send Child to Saint Pius Catholic School in Dallas where Child's half-sister is a student. Mother and her family have been parishioners of that church for thirty years and Mother likewise attended school there. Mother testified she intends to live with her parents only until she is able to buy her own house in their neighborhood.

¶ 7 To prove the proposed relocation is not in Child's best interest, Father cites the testimony of his expert witness, a custody evaluator, that Child has strong emotional bonds with both parents; there are no significant deficits in the parenting style of either parent; and Child would be slow to warm up at a new school but would do so eventually. Father's expert declared there is no justification for taking Child out of Oklahoma because Child is thriving in his current situation. Moreover, according to Father's expert, the move would be harmful to Child because it would transform Father's role from that of co-parent to visitor.

¶ 8 For his part, Father testified the proposed relocation would hurt Child by taking him away from Father. He stated Child also has a strong relationship with his paternal grandmother, who lives with Father in Oklahoma. Father argued Child's quality of life would not be enhanced by the move because there would be a total of seven people living in the house in Mesquite,[4] which has only three bedrooms and two bathrooms.

¶ 9 Mother counters that when asked if the move would raise any best-interest concerns for Child in terms of his age, needs, or developmental stage, Father's expert answered Child has well-developed fine-motor skills, no developmental delays or problems, a "real sweet temperament," and "academically will do well in any environment that he's put in." Father's expert further testified Mother had done a good job deciding where Child should attend school; that

Child is "very well adjusted, doing well in school, looks forward to going to school;" and that "the total school experience is a positive one for him." Father's expert informed the trial court Child told him both parents smile most of the time and Child declared, "I'm happy forever." After not having contact with Child for one year while this case was pending, Father's expert found Child in July or August of 2005 to be "functioning even better than he was the year before." Father's expert further stated both parties acknowledged to him that Mother sometimes allowed Father extra time with Child.

¶ 10 Testimony from both sides revealed a history of physical altercations between Mother and Father, with each naming the other as instigator. It is undisputed Mother filed a protective order against Father in October 2003, which expired one year later. In addition, although the parenting coordinator's report to the trial court found Father "overall presented as a concerned parent," it noted he "becomes increasingly agitated, confrontive [sic] and hostile" when his requests for changes in visitation due to his work schedule "are not met in a manner that he feels is timely."

¶ 11 Based on our examination of the record and considering the totality of the testimony and evidence, we cannot say the trial court's denial of Father's motion for new trial or, in the alternative, to correct, open, modify, or vacate the custody order is contrary to the weight of the evidence so as to constitute an abuse of discretion.[5]

¶ 12 AFFIRMED.

BUETTNER, P.J., and BELL, J., concur.

4. Mother's two children from her first marriage currently live in the same house with her parents and her adult brother in Mesquite.

5. In light of this holding, we decline to address Mother's argument that Father's motion to va-

cate did not extend the appeal time under 12 O.S.2001 § 990.2 because he failed to file it within ten days of the dismissal.