2012 OK CIV APP 10

**In re the Marriage of Joan PLUMLEE,**
**Petitioner/Appellee,**

v.

**Phillip PLUMLEE,**
**Respondent/Appellant.**

No. 107922.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Dec. 30, 2011.

Joan M. Blood (f/k/a Plumlee), Jefferson City, Missouri, Pro Se.

Jay F. McCown, Tamra A. Spradlin, Quick, McCown & Spradlin, Oklahoma City, Oklahoma, for Respondent/Appellant.

JOHN F. FISCHER, Vice–Chief Judge.

¶ 1 Phillip Plumlee (Father), appeals the district court's order granting Joan Plumlee's (Mother), motion to dismiss his objection to her notice of relocation of their child. Father's objection was filed out of time. There-

---

1. The statute was amended effective November 1, 2008, and its current version is found at 43 O.S.2011 § 112.3. However, the current version of the statute is identical in all material respects to the statute in effect at the time Mother's first notice was filed. This Opinion will refer to the current version of the statute unless otherwise noted.

2. Mother did not file an answer brief in this proceeding. "Where there is an unexcused failure to file an answer brief, this Court is under no duty to search the record for some theory to sustain the trial court judgment; and where the brief in chief is reasonably supportive of the

---

fore, the district court did not err in granting Mother's motion and we affirm.

## BACKGROUND

¶ 2 On August 8, 2008, the district court granted the parties a divorce and awarded Mother custody of their minor child. On August 20, 2008, Mother filed her first notice of relocation and mailed a copy to Father pursuant to 43 O.S.2011 § 112.3.[1] The district court sustained Father's timely objection after a hearing conducted on October 8, 2008. On April 10, 2009, Mother mailed a second notice of relocation, properly addressed to Father, by certified mail. After a second attempt to deliver the letter on April 17, 2009, the United States Postal Service (USPS) returned the letter to Mother marked "Refused." Mother filed a third notice on June 14, 2009, notifying Father that she was delaying the date of her move by approximately one month. After a second delivery attempt on June 15, 2009, the USPS returned this certified letter, also marked "Refused," to Mother.

¶ 3 Mother relocated in July. On August 4, 2009, Father filed an objection to Mother's relocation. He also sought a permanent order preventing Mother's relocation or in the alternative, modification of custody to award him primary custody. Mother filed a motion to dismiss Father's objection, and following a hearing on August 20, 2009, the district court granted Mother's motion and dismissed Father's objection to Mother's relocation. Father appeals.[2]

## STANDARD OF REVIEW

¶ 4 This appeal requires review of the district court's application of 43 O.S.2011

---

allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions." *Cooper v. Cooper*, 1980 OK 128, ¶ 6, 616 P.2d 1154, 1156; Oklahoma Supreme Court Rule 1.10, 12 O.S.2001, ch. 15, app. However, "[r]eversal is never automatic on a party's failure to file an answer brief." *Enochs v. Martin Props., Inc.*, 1997 OK 132, ¶ 6, 954 P.2d 124, 127. If "the record presented fails to support the error alleged in the [Father's] brief ... the decision to be reviewed cannot be disturbed. It is presumed correct until the contrary is shown by the record." *Id.*

§ 112.3. "A legal question involving statutory interpretation is subject to *de novo* review, i.e., a non-deferential, plenary and independent review of the trial court's legal ruling." *Heffron v. Dist. Ct. of Okla. County,* 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076 (citing *Samman v. Multiple Injury Trust Fund,* 2001 OK 71, ¶ 8, n. 5, 33 P.3d 302, 305 n. 5).

## ANALYSIS

¶ 5 Father argues that the district court erred in permitting Mother to relocate. This argument takes two forms. First, Father argues that his objection was timely and, therefore, the district court was required by section 112.3 to hold an evidentiary hearing. Second, he contends that the district court's denial of Mother's first attempt to relocate is determinative of her second notice based on the doctrine of claim preclusion.

¶ 6 Two statutes govern the relocation of a minor child by a custodial parent. *Mahmoodjanloo v. Mahmoodjanloo,* 2007 OK 32, ¶ 2, 160 P.3d 951, 952. The first statute provides:

A parent entitled to the custody of a child has a right to change his residence, subject to the power of the district court to restrain a removal which would prejudice the rights or welfare of the child.

10 O.S.2001 § 19 (renumbered as 43 O.S.2011 § 112.2A). The second, 43 O.S.2011 § 112.3, provides in pertinent part:

B. 1. Except as otherwise provided by this section, a person who has the right to establish the principal residence of the child shall notify every other person entitled to visitation with the child of a proposed relocation of the child's principal residence as required by this section.

. . . .

C. 1. Except as provided by this section, notice of a proposed relocation of the principal residence of a child or notice of an intended change of the primary residence address of an adult must be given:

a. by mail to the last-known address of the person to be notified,

. . . .

G. 1. The person entitled to custody of a child may relocate the principal residence of a child after providing notice as provided by this section unless a parent entitled to notice files a proceeding seeking a temporary or permanent order to prevent the relocation within thirty (30) days after receipt of the notice.

. . . .

2. A parent entitled by court order or written agreement to visitation with a child may file a proceeding objecting to a proposed relocation of the principal residence of a child and seek a temporary or permanent order to prevent the relocation.

. . . .

4. A proceeding filed pursuant to this subsection must be filed within thirty (30) days of receipt of notice of a proposed relocation.

. . . .

K. The relocating person has the burden of proof that the proposed relocation is made in good faith. If that burden of proof is met, the burden shifts to the non-relocating person to show that the proposed relocation is not in the best interest of the child.

¶ 7 The first statute gives the custodial parent a "presumptive right" to relocate. *Kaiser v. Kaiser,* 2001 OK 30, ¶ 18, 23 P.3d 278, 282. The second statute requires notice of intent to relocate and provides for a hearing procedure if the non-custodial parent objects to relocation. Other than in *Harrison v. Morgan,* 2008 OK CIV APP 68, ¶ 15, 191 P.3d 617, 621 (holding that section 112.3 did not repeal 10 O.S.2011 § 19), there has been no effort to construe the effect of or to reconcile the two statutes. *See Mahmoodjanloo,* 2007 OK 32, ¶ 12, 160 P.3d at 955 (declining to resolve the issue of potential conflict because it had not been addressed by the trial court). And, it is unnecessary to do so in this case, except to the extent that we find a parent's right to relocate a child provided in section 112.2A is limited by the notice and hearing requirements of section 112.3, if the child is to be moved more than seventy-five miles from the child's principal residence for a period of time exceeding sixty days. *See Galarza v. Galarza,* 2010 OK CIV APP 19, ¶ 13, 231 P.3d 694, 698. It is necessary, however, to decide whether Mother's

certified mailing satisfies the notice provision of section 112.3.[3]

¶ 8 Section 112.3 does not specifically require certified mail, as used by Mother in this case, nor does it address how the requirement of notification may be satisfied beyond the specification that notice must be given "by mail to the last-known address of the person to be notified." Section 112.3 (C)(1)(a). The most stringent form of notice required in this State is for service of process. Title 12 O.S. Supp.2009 § 2004(C)(2) authorizes service by mail and provides, in part:

a. At the election of the plaintiff, a summons and petition may be served by mail.... Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant.

b. Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee....

¶ 9 Because of the fundamental family and due process issues involved in relocating a child, we find that a party required to satisfy the notification by mail provision of section 112.3 must meet the requirements of section 2004(C)(2) of the Oklahoma Pleading Code. *See In re Adoption of D.T.H.,* 1980 OK 119, ¶ 19, 615 P.2d 287, 290 (holding that a parent's right "to the care, custody, companionship and management of his or her child is a fundamental right protected by the federal and state constitutions")(overruled on other grounds); *In re C.S.,* 1978 OK 94, ¶ 12, 580 P.2d 983, 985 ("The fundamental nature of parental rights requires that the full panoply of procedural safeguards must be applied to child deprivation hearings."). Although this is not a termination proceeding, relocation may substantially affect Father's visitation with his child.

¶ 10 Father argues Mother's mailing was insufficient for two reasons. First, he contends that Mother was required by the parties' divorce decree to use email. Second, he

argues that, even if mailing were permitted, he was not provided the notice prior to relocation required by section 112.3, because he claims he did not personally receive the mailing sent by Mother.

### I. Father's Email Argument

¶ 11 We find Father's argument that Mother was required by the parties' divorce decree to communicate her notice of relocation by email unpersuasive and disingenuous. First, absent a finding of unconstitutionality, courts are required to apply and enforce clear and unambiguous legislative enactments like the mailing requirement of section 112.3. *See In re City of Durant,* 2002 OK 52, ¶ 13, 50 P.3d 218, 221.

¶ 12 Second, the provision in the divorce decree Father relies on is not, as Father argues, conclusive on the issue. That provision states that "the parties shall further use e-mail as the primary mode of communication *unless the particular circumstances of the need for communication make use of e-mail unreasonable or impracticable.*" (Emphasis added). Here, the particular circumstances and the directives of section 112.3 required a form of communication other than email. Further, the divorce decree cannot be construed in a manner that would excuse compliance with mandatory statutory requirements. "[T]he general rule is that nothing may be read into a statute which was not within the manifest intention of the legislature as gathered from the language of the act." *Stemmons, Inc. v. Universal C.I.T. Credit Corp.,* 1956 OK 221 ¶ 19, 301 P.2d 212, 216.

¶ 13 Finally, this Court notes that the divorce decree specifically addresses this issue, a fact not called to our attention by Father or his counsel, even though that fact is included in findings by the district court set forth in the order from which Father appeals. Exhibit C to the divorce decree addresses relocation by either party after November 1, 2008. Those provisions state that relocation is governed by section 112.3 and

---

**3.** Because we find no evidentiary hearing was required, we need not address the burden of proof questions at issue in *Mahmoodjanloo* and

*Harrison. See also Stonebarger v. Wilkins,* 2008 OK CIV APP 35, 182 P.3d 849.

further provide: "The relocating party shall mail (or serve in the manner provided for service of summons)" any notice of intent to relocate. This is consistent with our conclusion that compliance with the procedures for service by mail in section 2004(C) is required to satisfy the notice by mail provision of section 112.3. Therefore, we find that Mother was not required to use or limited to using email as a method of providing notice of her intent to relocate. The remaining question is whether Mother's mailing provided Father the notice required by section 112.3

## II. Father's Service Argument

■ ¶ 14 Father claims that Mother's mailing did not provide him the required notice because he did not refuse the mailing; his roommate did. This statement is not supported by any evidence in the record other than Father's verification of his August 4, 2009 objection to Mother's second notice of removal. Father argues, nonetheless, that because he did not personally refuse the certified letter, Mother's notice of intent to relocate was defective and did not trigger the thirty-day time period within which to file an objection.

¶ 15 On August 20, 2009, the district court held a hearing on Mother's motion to dismiss Father's objection. Father called Mother as a witness but did not testify himself. And, no evidence was presented during the hearing regarding Father's roommate or the roommate's purported refusal of the mailing. During examination by Father's counsel, Mother identified the envelopes containing her second and third notices of relocation. Both envelopes were admitted without objection and show that the USPS attempted delivery twice and, ultimately, that delivery of both envelopes was refused. At the conclusion of the hearing, the district court judge stated that he did not know whether it was true that Father's roommate had refused delivery of both letters, but the judge concluded that Mother had obtained good service of her notice. Factually, the district court's determination is not against the weight of the evidence. *See Hedges v. Hedg-*

es, 2002 OK 92, ¶ 10, 66 P.3d 364, 369. With respect to the legal issue, the plain language of section 2004(C) supports the district court's conclusion: "Service by mail shall be effective on the date of receipt or if refused, on the date of refusal...." Section 2004(C)(2)(a).

¶ 16 There is no language in section 2004(C), and no authority cited by Father, that requires the party served to be the same as the person who refuses the mailing. Even personal service may be accomplished by leaving the summons and petition with someone other than the party to be served. 12 O.S.2011 §. 2004(C)(1)(c). Service by mail is accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee. 12 O.S.2011 § 2004(C)(2)(b). As the district court correctly found, Mother's mailing satisfied the requirements of this statute. Therefore, even if Father's roommate was the person who refused Mother's certified mail, notice of Mother's intent to relocate was completed on April 17, 2009, when the certified mail containing that notice was refused. *See* 12 O.S.2011 § 2004(C)(2)(c) (providing that "acceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the [addressee's] dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed").[4]

## III. Father's Hearing Argument

■ ¶ 17 We next address Father's argument that the district court was required to hold a hearing on Mother's relocation. Clearly, section 112.3 permits Father to "file a proceeding" to contest the relocation. And, in that circumstance, the district court will conduct a hearing and consider the factors described in the statute. Equally clear is the statute's requirement that Father must initiate the proceeding within thirty days of receipt of Mother's notice.

1. The person entitled to custody of a child may relocate the principal residence of a child after providing notice as provided by this section unless a parent entitled

---

4. Because Mother was not required to file her notice of relocation, this is not a situation where first-class mailing prior to entry of default pursuant to subparagraph 2004(C)(2)(c) is applicable.

to notice files a proceeding seeking a temporary or permanent order to prevent the relocation within thirty (30) days after receipt of the notice.

. . . .

4. A proceeding filed pursuant to this subsection must be filed within thirty (30) days of receipt of notice of a proposed relocation.

43 O.S.2011 § 112.3(G). The district court found that Father received Mother's notice on April 17, 2009, when Mother's certified mail was refused. Because the district found Father's objection was not filed within the thirty-day time limit required by section 112.3(G), the court granted Mother's motion to dismiss. That decision is correct.

### IV. Father's Preclusion Argument

 ¶ 18 Father's final proposition relies on the district court's denial of Mother's first attempt to relocate in 2008. Father argues that, even if he received the notice of relocation required by section 112.3, Mother's relocation in 2009 should have been denied as barred by the doctrine of res judicata, now known as claim preclusion. *See Deloney v. Downey*, 1997 OK 102, ¶ 16, 944 P.2d 312, 318.

Claim preclusion bars relitigation by parties or their privies of issues which either were or could have been litigated in a prior action which resulted in a prior judgment on the merits. ... In other words, where the two causes of action are the same the first judgment is a complete bar to the second action.

*State ex rel. Tal v. City Of Oklahoma City*, 2002 OK 97, ¶ 20, 61 P.3d 234, 245 (citations omitted). "A judgment is the final determination of the rights of the parties in an action." 12 O.S.2011 § 681. Since the merger of courts of law and equity, "the terms 'decree' and 'judgment' are interchangeable." *Whitehead v. Whitehead*, 1999 OK 91, n. 6, 995 P.2d 1098, 1101 n. 6. Some matters cannot be relitigated once a divorce decree becomes final. *See Jackson v. Jackson*, 2002 OK 25, ¶ 13, 45 P.3d 418, 426 (division of property); *Arnold v. Arnold*, 1952 OK 367, ¶ 7, 207 Okla. 352, 249 P.2d 734, 736 (determination of paternity). However, a divorce

action is a special proceeding in which the district court retains continuing jurisdiction to modify some portions of its judgment and enter new orders in post-judgment proceedings. *See Bailey v. Bailey*, 1994 OK 6, 867 P.2d 1267. Further, as provided in 43 O.S. 2011 § 112(A):

A petition or cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are minor children of the marriage, *the court:*
1. Shall make provision for guardianship, custody, medical care, support and education of the children;
2. Unless not in the best interests of the children, may provide for the visitation of the noncustodial parent with any of the children of the noncustodial parent; and
3. May modify or change any order whenever circumstances render the change proper either before or after final judgment in the action. ... (Emphasis added.)

 ¶ 19 We find that the doctrine of claim preclusion does not prevent a custodial parent from filing subsequent notices to relocate pursuant to section 112.3. First, there is nothing in the relocation statute that indicates the custodial parent may only relocate one time. Second, if Father were correct, the issue of relocation would have to be litigated prior to entry of the divorce decree because that type of issue "could" be resolved in the decree. That position does not comport with reality or Father's acknowledgment that "custody issues are always subject to modification." Further, the statute specifically contemplates that the "issue of relocation" may be presented "at the initial hearing to determine custody" or at some other time. 43 O.S.2011 § 112.3(M). If the issue of relocation can be litigated after the entry of the divorce decree, it is not an issue that was "or could have been" litigated in the proceeding resulting in the divorce judgment. *See State ex rel. Oklahoma Bar Ass'n v. Giger*, 2004 OK 43, ¶ 12, 93 P.3d 32, 38 (final judgment on the merits precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action).

¶ 20 Therefore, each relocation proposed by the custodial parent will be subject to the notice and hearing requirements of section 112.3, including the good faith requirement in subparagraph (K): "The relocating party has the burden of proof that the proposed relocation is made in good faith...." Although we find claim preclusion inapplicable to a relocation decision, the doctrine of issue preclusion may apply to successive notices to relocate.

In accordance with the doctrine of issue preclusion (previously known as collateral estoppel), once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim.... An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue.... For invocation of issue preclusion there need not be a prior adjudication on the merits (as is often the case with res judicata) but only a final determination of a material issue common to both cases.

*Oklahoma Dep't of Pub. Safety v. McCrady*, 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199 (citations omitted).

¶ 21 Father points to section 112.3(K) requiring the custodial parent to first prove good faith and then the non-custodial parent to show that the proposed relocation is not in the child's best interest. He concludes that because the district court denied Mother's first proposed relocation, the district court must have found one, or the other, or both. Father argues, therefore, that Mother was precluded from showing her present good faith or that the 2009 relocation would be in the best interest of the child.

¶ 22 The district court's order denying Mother's first attempt to relocate does not state the basis for the court's ruling. And, although there appears to have been a hearing on this relocation, no transcript of that hearing is included in the record on appeal. *See Hulsey v. Mid–America Preferred Ins. Co.*, 1989 OK 107, ¶ 7, 777 P.2d 932, 936 (appellant bears total responsibility for in-

cluding in the appellate record all materials necessary for corrective relief). Nonetheless, we find Father's interpretation of the district court's order denying relocation too constrained. Relocation may be denied if the court finds that proper notice was not given (43 O.S.2011 § 112.3(F)), or based on factors the court is required to consider pursuant to section 112.3(J) that are not necessarily related to the good faith and best interest issues. Consequently, we cannot conclude from this record that the circumstances on which the district court denied Mother's first attempt to relocate were identical to the circumstances at the time of Mother's second notice of relocation. Because we are unable to make that determination, we find no basis for application of issue preclusion.

## CONCLUSION

¶ 23 Father filed his objection to Mother's notice of relocation more than thirty days after refusal of that notice. Therefore, section 112.3 authorized Mother to relocate the parties' child, and the district court's order dismissing Father's objection to relocation is affirmed. The doctrine of claim preclusion cannot be applied herein to prevent Mother from attempting to relocate after the denial of her initial attempt to relocate. Further, it cannot be determined from this record whether the circumstances on which the district court denied Mother's first attempt to relocate were identical to the circumstances on which the second relocation was based. Therefore, issue preclusion cannot be applied to prevent Mother's second notice of intent to relocate. The district court's order granting Mother's motion to dismiss Father's objection to relocation is affirmed. Father's request for costs and attorney fees is denied, without prejudice, for failure to comply with Supreme Court Rule 1.14.

¶ 24 **AFFIRMED.**

BARNES, P.J., and WISEMAN, J., concur.